UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS L. GREEN,

                     Plaintiff,                  18-cv-09167 (NSR)

  -against-                                  OPINION AND ORDER

WESTCHESTER COUNTY,

                     Defendant.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Pro se Plaintiff Thomas L. Green ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against Westchester County, alleging that while he was watching TV, an inmate swung a chair at him, which then broke his pinky. (*See* Complaint, ECF No. 2.) Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is GRANTED.

**Background**

Plaintiff claims that in or around August 3, 2018 at approximately 11:01 a.m., he got injured when he blocked a chair that was thrown at him by another inmate in the Westchester County Jail 2SW block. (Compl. at 4.) Plaintiff alleges that the chair thrown at him had "real sharp edges at the bottom of it that ripped [his] pinky right off." (*Id.*) He states that his nerves ripped, leaving his pinky half cut off and that he received treatment, including stitches, at Westchester Medical Center. (*Id.*) Further, he states that the inmate that threw the chair at him allegedly had a mental health issue and that he wasn't supposed to be in the general population. (*Id.*)



1

## Legal Standard

Under Fed.R.Civ.P 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 662. A court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

"[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation and quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed as to do justice."). To survive a Rule 12(b)(6) motion to dismiss, however, a *pro se* plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## Discussion

Defendant Westchester County ("Defendant" or "Westchester") raises a host of arguments, related to Plaintiff's insufficiently pleaded allegations, including that: Plaintiff has not sued the proper party, Plaintiff has not alleged any specific constitutional violation as against any party, Plaintiff has not properly alleged a failure to intervene claim, Plaintiff has not specifically numbered the paragraphs in his complaint as required, and Plaintiff has failed to allege whether he exhausted his administrative remedies or include details about the circumstances surrounding his injury, and has therefore failed to properly plead a plausible claim. (*See* Def. Mem., ECF No. 12.) The Court addresses the pertinent arguments in turn.

1. **Failure to Sue the Proper Party**

Defendant claims that Plaintiff has improperly raised his claim against Westchester Department of Correction ("DOC") and that it must be dismissed since, under New York law, county agencies or departments do not have the capacity to be sued. (*Id*. at 3.).

The Court agrees, though this issue has been resolved. On October 11, 2018, the Court issued an Order of Service, (ECF No. 6), in which it stated that the Court was dismissing Plaintiff's

3

claims against Westchester DOC and was replacing that defendant with Westchester County. Therefore, the Court rejects Defendant's argument about Plaintiff suing the wrong party as moot.

2. **Failure to Allege Any Specific Constitutional Violation as Against any Party**

Defendant next argues that Plaintiff fails to properly plead a claim under *Monell v. Dept of Social Services* or Section 1983. (Def. Mem. at 4.) The Court agrees.

"A municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell v. Dept of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Instead, "[t]o hold a [municipality] liable under §1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (l) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F. 3d 189, 195 (2d Cir. 2009) (citations and internal quotation marks omitted). Further, "both official and unofficial policies may suffice for establishing *Monell* liability. For an unofficial policy or custom to invite *Monell* liability, the practice, custom or usage must be so widespread and so persistent that it has the force of law." *DiPippo v. Cty. of Putnam*, No. 17-CV-7948 (NSR), 2019 WL 1004152, at *8 (S.D.N.Y. Feb. 28, 2019).

While there are multiple routes to *Monell* liability, and many routes to finding constitutional violations, Plaintiff's complaint provides no avenues to either. There are no alleged acts taken by any individual officer related to the incident about which Plaintiff complains. There are absolutely no allegations of a policy or custom – official or unofficial – related to Westchester County. The only statement Plaintiff makes that arguably alludes to a custom or policy existing for which Westchester could be liable is his statement that the inmate who threw the chair "wasn't suppose[d] to be in GP (General Pop.)" (Compl. at 4.)

This statement is still insufficient to trigger *Monell* liability. It does not, on its own, fully imply that there was a formal policy or practice that Westchester or some policymaking official had related to placing inmates in certain parts of the correctional facility based on certain criteria. It does not imply what, if any, knowledge anyone had about this policy or about this other inmate's tendencies. It does not even state that the other inmate had any particular tendencies. There is virtually no context provided as to why an act of violence from another inmate implicated Plaintiff's constitutional rights and why Westchester played a role in such a violation, for which it should be liable. Such details are absolutely necessary for Plaintiff to state a cognizable claim— whether under Section 1983 or *Monell*. Accordingly, Plaintiff has not sufficiently pleaded a claim.

**3. Failure to Plead a Failure to Intervene or Failure to Protect Claim**

Defendant next argues that Plaintiff fails to plausibly plead either a failure to intervene or failure to protect claim. (Def. Mem. at 5.) The Court agrees with Defendant.

In general, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994). But not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison official responsible for the victim's safety. *Id*. at 834. A claim that alleges failure to protect or intervene "is a Fourteenth Amendment violation where the officer acted with "deliberate indifference to a substantial risk of serious harm to an inmate. *Rosen v. City of New York*, 667 F. Supp. 2d 355, 359-360 (S.D.N.Y. 2009) (citing *Farmer*, 511 U.S. 825) (internal quotation marks omitted.) For such claims, the Court must apply the two-prong framework for claims of deliberate indifference. That is, the inmate must show (1) that the failure to intervene or protect the inmate was sufficiently serious such that it caused "an unquestioned and serious deprivation of basic human needs" and (2) that the defendant acted with a sufficiently culpable state of mind. *Id*.

5

(citations omitted.) The second prong of this claim is measured by an objective standard: whether Defendant "knew or should have known" that a substantial risk of serious harm would result from their failure to intervene. *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).

Here, a review of Plaintiff's Complaint again shows that there are no allegations against any individual employee of Westchester, and there are no allegations that describe any intent. Plaintiff makes no allegations that anyone knew or should have known of any risk of harm to the Plaintiff, let alone that an individual's failure to intervene resulted in harm. The only allegation that he does make in the Complaint, again, is that the "inmate that struck him has mental health issues and that he wasn't supposed to be in the general population." (Compl. at 4.) But as with Plaintiff's *Monell* claim, this sentence simply does not demonstrate the requisite intent. The sentence does not indicate whether the inmate was misplaced due to an official's decision or the inmate's own decision to break prison rules – and which, if any, were broken. Again, the Complaint is simply barren of any details that could sufficiently color the elements required for such claims to survive under Fed.R.Civ.P. 12(b)(6). Accordingly, Plaintiff has not sufficiently pleaded a claim.

   4. **Failure to Number Paragraphs or Exhaust Administrative Remedies**

Defendant's last two arguments are that Plaintiff did not state his claims in numbered paragraphs as required by Fed.R.Civ.P. 10, which prevents Defendant from being able to respond to allegations in the Complaint. (Def. Mem. at 7.) Additionally, Defendant argues that Plaintiff has not shown that he has exhausted all his administrative remedies regarding his allegations prior to filing the Complaint. (*Id.*) Both of Defendant's points raise valid concerns that Plaintiff should address, should he decide to re-file his Complaint. For now, the Court need not discuss them further since Plaintiff's Complaint is facially deficient to support any claims.

## Conclusion

For the reasons discussed, the Court GRANTS Defendant's Motion to Dismiss, without prejudice. Plaintiff shall have until July 26, 2019 to file a second amended complaint consistent with this Opinion and Order. Failure to timely comply may result in dismissal of the action with prejudice. The Clerk of the Court is respectfully directed to terminate Defendant's Motion at ECF No. 12. The Clerk of the Court is also asked to mail a copy of this decision to Plaintiff at Plaintiff's last address listed on ECF and to show proof of service on the docket.

SO ORDERED

Dated:   June 20, 2019
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge